IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON  DIVISION


LISA MCCOY                                                            PLAINTIFF

        v.                              CIVIL NO. 13-3044


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lisa McCoy, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claims for a period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff protectively filed her current applications for DIB and SSI on December 6, 2010,

and November 17, 2010, respectively, alleging an inability to work since June 1, 2009,[1] due to

insulin dependent diabetes, vision problems, anxiety, and high blood pressure.  (Tr. 118, 139).

An administrative hearing was held on January 4, 2012, at which Plaintiff appeared with counsel

and testified. (Tr. 29-63).

---

[1]At the administrative hearing, Plaintiff, through her counsel, amended her alleged onset date to February 26, 2010. (Tr. 10, 35).

By written decision dated February 8, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: insulin dependent diabetes mellitus, diabetic retinopathy, and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 13).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant cannot perform work requiring excellent vision, but can avoid normal workplace hazards and can distinguish between shapes and colors of things like nuts, bolts, and screws.  Further, the claimant is limited to work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables and little judgment required; and where supervision required is simple, direct, and concrete.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an assembler, and an inspector/sorter.  (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on February 5, 2013. (Tr. 1-4).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 8,9).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ failed to consider all of Plaintiff's impairments in combination; 2) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) the ALJ erred in determining Plaintiff's RFC; and 4) the ALJ failed to fully and fairly develop the record.

**A.    Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 13). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically

-4-

AO72A
(Rev. 8/82)

equaled one of the listed impairments. (Tr. 11). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### B.    Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  With regard to Plaintiff's diabetes, the ALJ noted that the medical evidence indicated that Plaintiff had fluctuating blood sugars.  However, as pointed out by the ALJ, the medical evidence revealed that Plaintiff failed to follow the recommended course of treatment in that she did not eat properly, did not test her blood sugars as specified, and failed to properly take the medication as prescribed. Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted)("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying

-5-

an application for benefits."), 20 C.F.R. § 416.930(b).  Specifically, on March 3, 2010, Dr. Robert M. Causey noted Plaintiff's diabetes during her pregnancy was difficult to control due to a combination of brittle diabetes and poor patient compliance. (Tr. 1326). The record revealed that on December 17, 2010, when questioned by her endocrinologist about her variable blood sugar with wide swings, Plaintiff reported she sometimes forgot to eat. (Tr. 733).  The record revealed that in August of 2011, Plaintiff was admonished for not taking her medication properly. (Tr. 1625).  In October of 2012, Dr. Nikhil K. Meena opined that Plaintiff's diabetic ketoacidosis was likely due to Plaintiff's stress of a child being admitted into the hospital and associated poor diet and insulin intake.[2] (Tr. 1680).  The ALJ noted that Plaintiff's hypertension was reasonably controlled when Plaintiff complied with her treatment plan, except during Plaintiff's pregnancies.  The ALJ also noted that Plaintiff testified that her doctor recommended against Plaintiff having further pregnancies due to preeclampsia, and that she had another child after this recommendation.  (Tr. 45).

With regard to Plaintiff's alleged vision impairment, the medical evidence revealed that Plaintiff underwent treatment for vision problems due to diabetic retinopathy.  Despite Plaintiff's testimony that she was legally blind in her left eye, the evidence failed to indicate that Plaintiff was legally blind in either eye.  It is further noteworthy that in October of 2012, Plaintiff denied blurred vision or vision loss. (Tr. 1668).

With regard to Plaintiff's alleged mental impairments, the ALJ noted that the medical evidence revealed Plaintiff had only received medication for her general complaint of anxiety

---

[2]We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review.  (Tr. 4).  See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994)

from her primary care physician.  The ALJ noted that Plaintiff had not sought consistent treatment from a mental health professional and that Plaintiff's primary care physician had not recommended more aggressive treatment for her alleged impairment.  See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).  As for Plaintiff's alleged borderline intellectual functioning, while the ALJ did not find objective medical evidence to substantiate that diagnosis, the ALJ reduced Plaintiff to unskilled work based on the evidence of record.

With regard to obesity, a review of the record reveals Plaintiff did not allege obesity as a disabling impairment when she applied for benefits nor did she testify to problems she experienced due to obesity at the hearing before the ALJ. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir.2003) (claim of obesity impairment waived on appeal where claimant did not raise any limitation from the impairment in his application or during hearing).

The ALJ also addressed Plaintiff's activities of daily living.  A review of the record revealed that Plaintiff completed a Function Report on December 20, 2010, wherein she indicated that she took care of her husband and baby; that she could take care of her personal needs when her blood sugar was stable; that she could help her husband with preparing meals; that she could shop for groceries; that she could handle money; that she could sew, watch television and read; that she could attend church three times a week; and that she could talk and visit with people every day.  (Tr. 157-164).  In March of 2011, Plaintiff also reported to Dr. Stephen Harris that she was able to take care of her personal hygiene and care needs on a daily

AO72A
(Rev. 8/82)

basis.  (Tr. 857).  Plaintiff also reported that she and her husband shopped together for groceries and that they split household chores.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity.  Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

C.    The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and  non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records.  Plaintiff's

-8-

capacity to perform light work with limitations is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined.  See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).  Based on the record as a whole, we find substantial evidence to support the ALJ's RFC determination.

**D.     Hypothetical Question to the Vocational Expert:**

We now look to the ALJ's determination that Plaintiff could perform substantial gainful employment within the national economy. We find that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole.  See Long v. Chater, 108 F.3d 185, 188 (8th Cir. 1997); Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996).  Accordingly, we find that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff is not disabled as she is able to perform work as an assembler, and an inspector/sorter.  See Pickney, 96 F.3d at 296 (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**E.     Fully and Fairly Develop the Record:**

An ALJ is required to develop the record fully and fairly. See Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000) (ALJ must order consultative examination only when it is necessary for an informed decision).  After reviewing the administrative record, it is clear that the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d

-9-

1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**IV.** **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

Dated this 14th day of May, 2014.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)